IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO.: 1:22-cv-00049 |
| v. | ) ) ) | **COMPLAINT** |
| NORTH GEORGIA FOODS, INC. D/B/A BURGER KING | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This action is filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) ("PDA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Tiffany Smith ("Ms. Smith"), who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, North Georgia Foods, Inc. d/b/a Burger King ("Defendant") unlawfully discriminated against Ms. Smith by subjecting her to a hostile work environment based on her sex, female. The Commission further alleges that Defendant retaliated against Ms. Smith for opposing the unlawful conduct when it reduced the number of hours she was scheduled to work, terminated her employment and later refused to reinstate her employment. Alternatively, the Commission alleges that Defendant discriminated against Ms. Smith on the basis of pregnancy when it reduced the number of hours Ms. Smith was scheduled to work, terminated her employment and later failed to reinstate her employment.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Asheville Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized by Title VII to bring this action. 42 U.S.C. § 2000e-5(f)(l) and (3); 42 U.S.C. § 2000e-(k).

4. Defendant, a Georgia corporation, operates multiple fast food restaurants in Georgia and North Carolina, including a Burger King in Murphy, North Carolina.

5. At all relevant times, Defendant has continuously done business in the State of North Carolina and in Cherokee County, North Carolina and has continuously maintained at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII. 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Ms. Smith filed a

charge with the Commission alleging violations of Title VII and the PDA by Defendant. Defendant responded to Ms. Smith's charge and participated in all aspects of the Commission's administrative investigation.

8. By letter dated September 29, 2020, the Commission notified Defendant of the determination that the Commission had reasonable cause to believe that Defendant violated Title VII and the PDA. The Commission invited Defendant to engage in the conciliation process to attempt to reach an agreement that would end the unlawful employment practices and provide Ms. Smith with appropriate relief.

9. The Parties engaged in conciliation but were unable to reach an agreement acceptable to the Commission.

10. By letter dated December 18, 2020, the Commission notified Defendant that conciliation had failed.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### COUNT I:
### *Sex Harassment and Hostile Environment in Violation of Title VII*

12. On or about August 1, 2018, Defendant hired Ms. Smith as a Team Member at Defendant's Burger King restaurant in Murphy, North Carolina.

13. Throughout Ms. Smith's employment, Defendant subjected Ms. Smith to a hostile work environment based on her sex, female, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-(2)(a).

14. Specifically, Defendant knowingly allowed Ms. Smith to be sexually harassed by a male assistant manager ("Assistant Manager One").

15. Assistant Manager One did not have decision-making authority over Ms. Smith's

3

employment but was often the highest-ranking employee on site and was often scheduled to work alone with Ms. Smith.

16. This apparent authority and unfettered access to Ms. Smith allowed Assistant Manager One the opportunity to prey upon Ms. Smith during her employment.

17. The harassment Ms. Smith experienced by Assistant Manager One included vulgar sexual comments, threatening behavior and the unwelcome groping and touching of Ms. Smith's female anatomy.

18. Harassing statements made to Ms. Smith by Assistant Manager One include, but are not limited to:

    a. "When are you going to let me lick that p***y so I know how you taste"

    b. Asking if she could "handle something as big" as the milkshake machine spigot so he could make her "take it from behind" while he was "f***ing [her] from the front."

19. Examples of unwanted groping and touching of Ms. Smith by Assistant Manager One include but are not limited to:

    a. Approaching Ms. Smith from behind and pressing his penis against her buttocks;

    b. Isolating Ms. Smith in part of the restaurant and grabbing, rubbing, or pinching her nipple, vagina, and/or buttocks.

20. Examples of threatening conduct by Assistant Manager One toward Ms. Smith include but are not limited to:

    a. Threatening Ms. Smith that if she informed management about his comments or conduct, Ms. Smith would be terminated.

    b. Threatening to get Ms. Smith's home address from Defendant's computer.

21. Assistant Manager One made sexual comments and/or touched Ms. Smith in a

4

sexual manner at least once a week throughout her employment.

22. On several occasions, Assistant Manager One abused his position of authority by causing Ms. Smith to believe that he needed to speak with her about a work matter in order to get her alone and in a location where he could prey upon her.

23. Ms. Smith always objected to the offensive behavior by telling Assistant Manager One not to talk to her like that, by telling him to leave her alone, or by leaving the area.

24. Ms. Smith complained to Defendant about Assistant Manager One's harassing conduct on multiple occasions by reporting the conduct to a female assistant manager ("Assistant Manager Two").

25. Ms. Smith also requested that Assistant Manager Two change her schedule so that Ms. Smith would not be left alone with Assistant Manager One during the early morning hours of the opening shift.

26. Assistant Manager Two did not change her schedule, however on more than one occasion, Assistant Manager Two advised Ms. Smith that she would inform the general manager about Assistant Manager One's harassment of Ms. Smith.

27. On at least one occasion, Assistant Manager Two advised Ms. Smith to report the conduct to the general manager.

28. Ms. Smith was afraid to report the conduct directly to the general manager because she believed that the general manager would respond in a hostile manner and defend the harasser.

29. Defendant failed to take any action to stop the harassment or to ensure that Ms. Smith was not required to work alone with Assistant Manager One.

30. The harassment continued.

31. In or around April 2019, Ms. Smith again complained of sexual harassment by

Assistant Manager One to Assistant Manager Two. On this final occasion, Assistant Manager Two stated she had "done all she could do."

32. The sexually explicit comments and/or conduct described herein created a hostile work environment for Ms. Smith because of her sex, female.

33. The harassment was severe and pervasive. It altered the terms and conditions of Ms. Smith's employment and created an abusive work environment.

34. Defendant's policies and procedures were ineffective to prevent and/or correct the harassment.

35. Defendant knew or should have known of Assistant Manager One's sexual harassment of Ms. Smith but failed to take prompt and effective action to stop it.

36. The effect practices complained of above have deprived Ms. Smith of equal employment opportunities and have otherwise adversely affect her status as an employee, because of her sex, female.

37. The unlawful employment practices complained of above were willful and intentional.

38. The unlawful employment practices complained of above were committed with malice or, at a minimum, with reckless indifference to Ms. Smith's federally protected rights.

39. As a direct and proximate result of Defendant's violation of Title VII, Ms. Smith suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## COUNT II:
### *Retaliation in Violation of Title VII*

40. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 12 through 39 above.

6

Case 1:22-cv-00049-MOC-WCM   Document 1   Filed 03/07/22   Page 6 of 12

41. Beginning as early as April 2019, Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Ms. Smith for engaging in protected conduct.

42. Ms. Smith engaged in statutorily protected conduct on multiple occasions when she complained of sexual harassment and reported the hostile work environment to Defendant through Assistant Manager Two.

43. Approximately a week after Ms. Smith's last complaint to Assistant Manager Two, to which Assistant Manager Two responded by telling Ms. Smith that she had "done all she could do," Defendant began systematically reducing Ms. Smith's scheduled work hours until she was finally removed from the scheduled altogether in June 2019.

44. As a result, Ms. Smith experienced a significant loss of income and her employment was effectively terminated after the week of June 12, 2019.

45. When Ms. Smith inquired about the reduction of hours, Assistant Manager Two told Ms. Smith that her hours were cut because she did not want to work with Assistant Manager One.

46. After Ms. Smith learned that she was completely removed from the schedule, she called the store and texted the general manager on several occasions but no one returned her calls.

47. Ms. Smith filed a charge of discrimination with the Commission in July of 2019.

48. In late July 2019, after filing the charge of discrimination, Ms. Smith gave birth prematurely.

49. In September 2019, when Ms. Smith was released to return to work after the birth of her child, Ms. Smith sent two text messages to the general manager in an attempt to return to work. One asking for an email address for the medical release, and another with a copy of the

release. Her text messages went unanswered.

50. The general manager admitted to the Commission that she received the text messages from Ms. Smith and stated that she did not respond because she believed she needed to consult with Defendant's attorney because Ms. Smith had filed a charge of discrimination with the EEOC. The general manager stated that the lawyer never responded to her, so she never responded to Ms. Smith.

51. Ms. Smith was not considered for reinstatement because she filed a charge of discrimination with the EEOC.

52. The unlawful employment practices complained of above were intentional.

53. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Smith.

54. The practices complained of above have deprived Ms. Smith of equal employment opportunities and have otherwise adversely affected her status as an employee because of her engagement in protected activity.

55. As a direct and proximate result of Defendant's violation of Title VII, Ms. Smith suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

### COUNT III (Alternative to Retaliation): Pregnancy Discrimination in Violation of Title VII

56. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 12 through 55 above.

57. Defendant unlawfully discriminated against Ms. Smith because of her pregnancy in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k). by terminating her employment and later failing to reinstate

Ms. Smith because of her pregnancy, a condition of her sex, female.

58. In or around January 2019, Ms. Smith informed Defendant that she was pregnant and that her estimated due date was in September 2019.

59. Ms. Smith also informed Defendant that she intended to work until her due date.

60. At no time during her employment did Ms. Smith request pregnancy-related leave or maternity leave, or otherwise suggest that she would need time off prior to her due date.

61. Nevertheless, in April 2019, the general manager informed Ms. Smith she needed to begin training a replacement in anticipation of Ms. Smith going on maternity leave. Ms. Smith responded she was not going on maternity leave "anytime soon."

62. Upon information and belief, the general manager told the other employees that Ms. Smith was on pregnancy-related leave when she did not return to work after being removed from the schedule.

63. Ms. Smith gave birth prematurely on July 22, 2019. She was released to return to work without restrictions in September 2019.

64. Ms. Smith sent the medical release clearing her for return to work to the general manager by text but never received a response.

65. Defendant's actions of requiring Ms. Smith to train a replacement for maternity approximately five months prior to her due date show that Defendant considered Ms. Smith's pregnancy to be an impediment to her employment.

66. Defendant's actions of reducing Ms. Smith's scheduled work hours are discriminatory and motivated by her pregnancy.

67. Defendant's actions of discharging Ms. Smith by removing her from the work

9

Case 1:22-cv-00049-MOC-WCM   Document 1   Filed 03/07/22   Page 9 of 12

schedule are discriminatory and motivated by her pregnancy.

68. Defendant's actions of refusing to communicate with Ms. Smith and refusing to allow her to return to work are discriminatory and based on her pregnancy.

69. The unlawful employment practices complained of were intentional.

70. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Ms. Smith.

71. The practices complained of above have deprived Ms. Smith of equal employment opportunities and to otherwise adversely affected her status as an employee because of her pregnancy, a condition of her sex (female).

72. As a direct and proximate result of Defendant's unlawful conduct, Ms. Smith suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from discriminating on the basis of sex from engaging in unlawful employment practices which discriminate on the basis of sex in violation of Title VII, 42 U.S.C. § 2000e(k) et seq., and Title VII, 42 U.S.C. § 2000e-2(a) and for opposing such unlawful employment practices;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, pregnant persons, for persons who engage in protected activity under Title VII, and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Tiffany Smith whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay.

D. Order Defendant to make Tiffany Smith whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

E. Order Defendant to make Tiffany Smith whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendants to pay to Tiffany Smith punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 7th day of March, 2022.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

131 M Street, NE
Washington, D.C. 20507

MELINDA C. DUGAS
Regional Attorney

YLDA M. KOPKA
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

**/s/Yolanda W. Brock**
Yolanda W. Brock
NC Bar No. 36651
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1281
Facsimile: (704) 954-6412
Email: yolanda.brock@eeoc.gov

**/s/Amy E. Garber**
AMY E. GARBER
VA Bar No. 37336
Senior Trial Attorney
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
Telephone: (757) 633-7100
Facsimile: (757) 441-6720
Email: amy.garber@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**