IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00049-MOC-WCM

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTH GEORGIA FOODS INC. ) <br> *doing business as* ) <br> *Burger King* ) <br> ) <br> Defendant. ) | ORDER |

This matter is before the court on a Motion to Intervene filed by Tiffany Smith (the "Motion," Doc. 5), which has been referred to the undersigned pursuant to 28 U.S.C. § 636.[1]

I. Background

On March 7, 2022, the Equal Employment Opportunity Commission ("EEOC") filed a Complaint against North Georgia Foods Inc. ("Defendant"). Doc. 1. The Complaint alleges that Defendant engaged in unlawful employment practices which adversely affected Tiffany Smith ("Smith"). Id. Specifically, the EEOC alleges that Smith was subjected to sexual harassment

---

[1] See United States v. Duke Energy Corporation, No. 1:00CV1262, 2009 WL 10717776, at *2 (M.D.N.C. Jan. 30, 2009) ("A motion to intervene is a non-dispositive motion").

and a hostile work environment (Count 1), retaliation (Count 2), and/or pregnancy discrimination (Count 3), all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"). The Complaint seeks, among other relief, damages payable to Smith. Id.

On March 28, 2022, Smith filed the instant Motion, seeking to intervene in this action. Doc. 5. The EEOC does not object to the Motion. Doc. 5 at 2. Defendant, however, has not yet made an appearance in this matter, and Defendant's position regarding Smith's intervention is not set forth in the Motion.[2] However, for the reasons described below, the Motion will be granted.

## II. Discussion

By the Motion, Smith seeks to intervene in this action and to file her proposed "Intervenor's Complaint with Demand for Jury Trial" (the "Proposed Complaint," Doc. 5-1). The Proposed Complaint asserts claims for sexual harassment (Count I), pregnancy discrimination (Count II), and retaliation (Count III), all in violation of Title VII.

Rule 24 of the Federal Rules of Civil Procedure provides that a court must allow a party, upon timely motion, to intervene in an action where the party is given the unconditional right to do so by a federal statute. Fed. R. Civ. P. 24(a)(1).

---

[2] On April 6, 2022, an executed waiver of service was filed indicating that Defendant's deadline to respond to the Complaint is currently May 6, 2022. See Doc. 6-1.

2

As the EEOC filed its Complaint on March 7, and Smith filed her Motion on March 28, the Motion is "undoubtedly timely." Equal Employment Opportunity Commission v. 1618 Concepts, Inc., 432 F.Supp.3d 595, 607 (M.D.N.C. 2020) (motion to intervene timely when filed less than six weeks after the EEOC's complaint).

Additionally, "[u]nder Title VII, where the EEOC has filed an action against an employer, the person or persons aggrieved shall have the right to intervene in the civil action." Equal Employment Opportunity Commission v. Mayflower Seafood of Goldsboro, Inc., No. 5:15-CV-636-BO, 2016 WL 9782116, at *1 (E.D.N.C. Aug. 2, 2016) (citing 42 U.S.C. § 2000e-5(f)(1)); see also Equal Employment Opportunity Commission v. 1618 Concepts, Inc., 432 F.Supp.3d at 607 (employee had "statutory right to intervene as to the Title VII claims") (citing 42 U.S.C. § 2000e-5(f)(1); Fed. R. Civ. P. 24(a)(1); EEOC v. Waffle House, Inc., 193 F.3d 805, 810 (4th Cir. 1999), *rev'd on other grounds*, 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002)).

Accordingly, the undersigned will allow the Motion.

**IT IS THEREFORE ORDERED** that the Motion to Intervene (Doc. 5) is **GRANTED**, and Tiffany Smith is **GRANTED LEAVE** to file her Intervenor's Complaint with Demand for Jury Trial (Doc. 5-1) on or before **April 22, 2022**.

Signed: April 13, 2022

W. Carleton Metcalf
United States Magistrate Judge