UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-49-MOC-WCM

| | |
|---|---|
| U.S. EQUAL OPPORTUNITY EMPLOYMENT COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH GEORGIA FOODS INC.,<br><br>Defendant. | **ORDER** |

  **THIS MATTER** is before the Court on Parties' Joint Motion to Enter a Consent Decree which resolves all claims related to this lawsuit. (Doc. No. 30). The motion is **GRANTED**.

  The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that Defendant North Georgia Foods, Inc. ("Defendant") subjected Tiffany Smith ("Ms. Smith") to a sexually hostile work environment because of her sex, female. The Commission's complaint further alleges that Defendant denied Ms. Smith work and terminated her employment because of her complaints of sexual harassment, and/or because of her pregnancy, in violation of Title VII. Thereafter, Tiffany Smith intervened through counsel, also alleging violations of Title VII. The Commission, the Plaintiff-Intervenor, and Defendant ("the parties") stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties

have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

**ORDER**

**IT IS THEREFORE ORDERED** that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 1:22-cv-00049 by the EEOC and in EEOC Charge No. 430-2019-02470 filed by Tiffany Smith.

2. The purpose and provisions of Title VII will be furthered by the entry of the Consent Decree, the terms of which constitute a fair and equitable settlement.

3. This Consent Decree constitutes the complete understanding between the parties with regard to the matters discussed herein.

### I. INJUNCTIVE RELIEF

4. Defendant is enjoined from discriminating against any employee or applicant for employment on the basis of sex, including on the basis of pregnancy, childbirth, and related medical conditions, in administering the terms and conditions of employment.

5. Defendant is enjoined from permitting harassment on the basis of sex to occur in the workplace.

6. Defendant is enjoined from permitting a sexually hostile work environment.

7. Defendant is enjoined from discriminating or retaliating against any employee because of the employee's opposition to a practice made unlawful under Title VII.

8. Defendant is enjoined from discriminating or retaliating against any employee because the employee filed a charge of discrimination or retaliation, gave testimony, assisted with an investigation, or otherwise participated in any proceeding under Title VII.

## II. Monetary Relief

9. Within fifteen (15) days of the entry of this Consent Decree, Defendant shall pay the total sum of Sixty Thousand Dollars ($60,000.00) ("Settlement Payment") in full and final settlement of this civil action, Equal Employment Opportunity Commission and Tiffany Smith v. North Georgia Foods, Inc., Civil Action No. 1:22-cv-00049, and of EEOC Charge No. 430-2019-02470 filed by Tiffany Smith. The Settlement Payment constitutes a debt owed to and collectable by the United States Government. The Settlement Payment shall be made by check, divided and payable as follows: (1) Thirty-Five Thousand Five Hundred Ninety Eight Dollars ($35,598.00) payable to Tiffany Smith; and (2) Twenty-Four Thousand Four Hundred Two Dollars ($24,402.00) payable to Spielberger Law Group. The checks shall be mailed via a tracked delivery service to an address or addresses provided by the Commission.

10. Within ten (10) days of the delivery of the Settlement Payment, Defendant shall email to the Commission a copy of each check and proof of delivery.

11. Within ten (10) days of entry of this Consent Decree, Defendant shall notify the assistant manager whom the Commission has identified to Defendant as the alleged harasser that he is not eligible for rehire by Defendant and provide written confirmation to the Commission that this requirement has been satisfied.

12. Within ten (10) days of the entry of this Consent Decree, Defendant shall eliminate from its personnel records any and all documents, entries, or references of any kind relating to the facts and circumstances surrounding the filing of EEOC Charge Number 430-2019-02470, the related investigation and this litigation, and shall provide written confirmation to the Commission that this requirement has been satisfied.

13. Within ten (10) days of the entry of this Consent Decree, Defendant shall provide Ms. Smith with a neutral letter of reference attached as Exhibit A. The letter shall disclose Ms. Smith's last position held and dates of employment consistent with Defendant's policy of providing only this limited information in response to reference requests. Accordingly, if Defendant receives an inquiry about Ms. Smith from a potential employer, Defendant will likewise provide only her dates of employment and last position held and state that it is Defendant's policy to provide only this particular information in response to reference requests for previous employees.

14. Within forty-five (45) days of the entry of this Consent Decree, Defendant shall amend its written anti-discrimination policy to incorporate the requirements of this paragraph; update its employee handbook and other policies so that they incorporate and are consistent with the amended anti-discrimination policy; distribute copies of the amended anti-discrimination policy to all employees, including managers, supervisors, and human resource professionals; and provide the Commission with written confirmation that this requirement has been satisfied. Defendant's employee handbook and anti-discrimination policy shall be amended to include the following:

    a. an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment, sex-based discrimination including discrimination based on pregnancy, childbirth, or related conditions, and retaliation;

    b. a definition of harassment along with examples of sexual harassment to supplement the definition of harassment;

4

c. notice that sex-based comments, sexually inappropriate comments and/or conduct will not be tolerated in the workplace, and such comments or conduct can and will lead to disciplinary action of employees (including assistant managers or management-level employees), up to and including termination;

d. notice that employees may report harassment to any manager, assistant manager, human resources employee, or corporate officer (hereinafter "Reporting Officials") at any time;

e. the identification of at least one phone number and one email address at which employees may contact each of the Reporting Officials identified;

f. a requirement that Reporting Officials shall document all verbal or written complaints and/or other information they receive regarding a report of possible discrimination or harassment;

g. a requirement that any Reporting Official who sees, hears or is otherwise notified of sexually inappropriate or discriminatory comments and/or conduct must send written notice of the incident(s) to Defendant's Director of Human Resources within (1) business day of the incident with the following information: the full name of the employee(s) who allegedly engaged in sexually inappropriate comments and/or conduct, date(s) of the incident(s), the full name of any witnesses, and a brief description of the incident(s) alleged;

h. confirmation that Defendant will thoroughly and promptly investigate all complaints of discrimination or harassment;

i. notice that if Defendant finds an employee or manager engaged in or permitted discrimination or harassment in the workplace, Defendant will take remedial

5

Case 1:22-cv-00049-MOC-WCM   Document 31   Filed 01/18/23   Page 5 of 12

action and appropriate disciplinary action up to and including termination of employment without eligibility for rehire;

j. notice that Defendant will not tolerate retaliation by any manager or assistant manager toward the victim of discrimination or harassment, any employee who reported discrimination or harassment, or any person who provided information or otherwise participated in any investigation into allegations of discrimination and harassment, and that any such retaliation will result in disciplinary action, up to and including termination of employment; and

k. notice that any Reporting Official who permits discrimination or harassment to occur, fails to report discrimination or harassment, or fails to implement measures outlined in the anti-discrimination policy to remedy discrimination or harassment shall be disciplined, up to and including termination of employment, and that if the Reporting Official is not discharged, a record of such discipline will be placed permanently in his or her personnel file.

15. Within sixty (60) days of the entry of this Consent Decree, Defendant shall prepare and distribute a "Letter to Employees" in accordance with the terms of this paragraph and shall provide written confirmation to the Commission that this requirement has been satisfied. The letter shall be addressed to Defendant's employees and signed by Defendant's President. The letter shall contain the following information:

    a. discrimination or harassment based on sex, including pregnancy, violates Title VII of the Civil Rights Act of 1964, as amended;

    b. Defendant has an anti-discrimination policy to prevent discrimination and harassment based on sex, a copy of which is attached;

6

    c. all managers, assistant managers, and employees are expected to read and act in accordance with the attached anti-discrimination policy;

    d. discrimination or harassment based on sex will not be tolerated and is ground for disciplinary action, up to and including immediate termination of employment;

    e. employees who report discrimination and/or harassment will not be subject to retaliation; and

    f. retaliation will not be tolerated and any manager who takes retaliatory action against an employee because of a report of harassment and/or discrimination will be subject to disciplinary action, up to, and including termination of employment.

16. Within sixty (60) days of the entry of this Consent Decree, Defendant shall prominently post a telephone number for an off-site Reporting Official and a copy of the amended anti-discrimination policy in all facilities where it is visible to employees; and shall provide written confirmation to the Commission that this requirement has been satisfied. The policy shall remain posted throughout the duration of this Consent Decree. If any policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

17. Training – non-managerial employees. Defendant shall provide an annual training program of at least one hour to all employees for which the employees are paid at their usual hourly rate or salary. Each training program shall include an explanation of:

    a. Title VII's prohibition against harassment and discrimination based on sex, including pregnancy, childbirth, and related conditions;

    b. Title VII's prohibition against retaliation for engaging in activity protected by the statute;

7

Case 1:22-cv-00049-MOC-WCM   Document 31   Filed 01/18/23   Page 7 of 12

c. Title VII's prohibition against using sex-based or sexually inappropriate comments and/or conduct in the workplace;

d. types of comments or conduct that may constitute sexual harassment, pregnancy discrimination, and/or retaliation with examples;

e. the penalties for engaging in discriminatory, harassing, or retaliatory behavior;

f. Defendant's amended anti-discrimination policy;

g. the rights of employees and responsibilities of Reporting Officials under Defendant's amended anti-discrimination policy, including to whom and how to report discrimination and/or harassment.

18. The initial training for non-managerial employees shall occur within ninety (90) days of the entry of this Consent Decree. All new, non-managerial employees shall receive the training within thirty (30) days of their date of hire. Thereafter, all non-managerial employees shall receive the training at least annually, at approximately one-year intervals.

19. <u>Training – Reporting Officials</u>. Defendant shall provide an annual training program to all Reporting Officials at each of Defendant's restaurants. Each training program shall be live and conducted in person or by video conference, shall allow participants to submit questions in advance of and during the training, and shall include at least two hours of direct instruction. Each training program shall include an explanation of:

a. Title VII's prohibition against harassment and discrimination based on sex, including pregnancy, childbirth, and related conditions;

b. Title VII's prohibition against retaliation;

c. a statement that Title VII prohibits employees and managers from using sex-based or sexually inappropriate comments and/or conduct in the workplace;

d. an explanation, with examples, of comments or conduct that may constitute sexual harassment, pregnancy discrimination, and/or retaliation;

e. the penalties for engaging in discriminatory, harassing, or retaliatory behavior;

f. an explanation of Defendant's amended anti-discrimination policy;

g. an explanation of the rights of employees and responsibilities of Reporting Officials under Defendant's amended anti-discrimination policy, including to whom and how to report discrimination and/or harassment;

h. instruction on how to document and respond to reports or observations of harassment, discrimination, and retaliation in a prompt and effective manner;

i. the penalties a Reporting Official may incur for failing to promptly and effectively document and respond to a report of harassment or discrimination;

j. the right of employees not to have their employment negatively impacted if they report harassment and discrimination to Defendant or to law enforcement agencies including the EEOC.

20. The training for Reporting Officials shall occur within ninety (90) days of the entry of this Consent Decree. All persons who are hired or promoted into the position of a "Reporting Official" during the term of this Consent Decree shall receive training within thirty (30) days of the date of hire or promotion.

21. At least fifteen (15) days prior to each training program, Defendant shall submit to the Commission an agenda for the training program by electronic mail directed to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is

9

Case 1:22-cv-00049-MOC-WCM   Document 31   Filed 01/18/23   Page 9 of 12

acceptable to the Commission unless otherwise notified by the Commission within five (5) days of submission of the agenda.

22. Within ten (10) days after completion of each training program, Defendant shall provide written confirmation to the Commission that the training was completed, along with an attendance roster signed by each employee who received the training.

23. Upon request of the Commission, Defendant shall permit one or more Commission representatives to attend any training session conducted pursuant to this Consent Decree.

24. Beginning within thirty (30) days after the entry of this Consent Decree and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at each of Defendant' facilities, and shall notify the Commission that this requirement has been satisfied. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

25. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports shall include the following:

    a. The identity of each employee who at any time during the reporting period complained verbally or in writing of sex-based conduct or comments;

        i. For each employee identified above, state the name and job title of the person whose conduct or comments were the subject of the complaint, the date of the complaint, the name of the individual to whom the employee complained, a detailed description of the conduct or comments

> complained of, and a detailed description of any action the Defendant took in response to the complaint;
>
> ii. For each individual identified above, state whether the individual's employment status has changed in any respect (for example, including but not limited to termination, firing, demotion, promotion, or to part time from full time), and a detailed statement explaining why the individual's employment status has changed.
>
> b. Defendant shall provide the social security number of any individual identified in response to this paragraph within forty-eight (48) hours of a request by the Commission. In the event there is no activity to report in a given reporting period, Defendant shall send the Commission a report stating that there has been no activity.

26. Defendant shall provide prior written notice to any potential successor(s) of the existence and contents of this Consent Decree.

27. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect any of Defendant's restaurants, interview employees, and examine and copy documents.

28. If at anytime during the term of this Consent Decree the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of ten (10) days, or other period of time as may be agreed upon by them, in which to engage in negotiation regarding any alleged violation before the Commission initiates an enforcement

proceeding. However, where the Commission believes that the violation presents an imminent threat to the health, safety or welfare of one or more of Defendant's employees, the Commission retains the right to seek immediate intervention by the Court.

29. The term of this Consent Decree shall be for two (2) years from the date it was entered by the Court.

30. All notices sent by the Commission to Defendant pursuant to this Consent Decree shall be sent by electronic mail to: Marcia Brock at marciabrockngf@gmail.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

31. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: EEOC-CTDO-decreemonitoring@eeoc.gov.

32. Each party shall bear its own costs and attorney's fees.

33. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: January 18, 2023



Max O. Cogburn Jr.
United States District Judge